IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUILLA HERRING and GREGORY HERRING, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 16 C 9169 |
| v. | ) ) | Judge Amy J. St. Eve |
| CITIMORTGAGE, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

The Court grants Defendants' motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) with prejudice due to the Court's lack of subject matter jurisdiction and dismisses this lawsuit in its entirety. [22].

## STATEMENT

On September 23, 2016, pro se Plaintiffs Equilla Herring and Gregory Herring brought the present eight-count Complaint against Defendant CitiMortgage, Inc. ("CitiMortgage") and the Federal Home Loan Mortgage Corporation ("Freddie Mac"), among others, alleging claims based on the foreclosure sale of their real property. Before the Court is CitiMortgage's and Freddie Mac's motion to dismiss under Rules 12(b)(1) and 12(b)(6). For the following reasons, the Court grants Defendants' motion pursuant to Rule 12(b)(1).[1]

## LEGAL STANDARD

The standard the Court employs on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends on the purpose of the motion. *See Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 443-44 (7th Cir. 2009). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Lardas v. Grcic,* 847 F.3d 561, 565 (7th Cir. 2017); *Silha v. ACT, Inc.,* 807 F.3d 169, 173 (7th Cir.

---

[1] Because the Seventh Circuit directs district courts to apply *Rooker–Feldman* before considering the doctrine of res judicata due to jurisdictional issues, the Court need not address Defendants' Rule 12(b)(6) res judicata arguments. *See Taylor v. Federal Nat'l Mortg. Ass'n*, 374 F.3d 529, 535 (7th Cir. 2004); *Garry v. Geils,* 82 F.3d 1362, 1365 (7th Cir. 1996).

2015). If, however, the defendant denies or controverts the truth of the jurisdictional allegations, the Court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists. *See Apex Digital,* 572 F.3d at 444 ("a factual challenge lies where 'the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction.") (emphasis in original) (citation omitted); *see also Remijas v. Neiman Marcus Grp., LLC,* 794 F.3d 688, 691 (7th Cir. 2015). "The party invoking federal jurisdiction bears the burden of demonstrating its existence." *Appert v. Morgan Stanley Dean Witter, Inc.,* 673 F.3d 609, 617 (7th Cir. 2012).

## BACKGROUND

Construing Plaintiffs' pro se Complaint liberally, *see Parker v. Four Seasons Hotels, Ltd.,* 845 F.3d 807, 811 (7th Cir. 2017), Plaintiffs seek to vacate the state court's foreclosure sale of their real property asking the Court to issue a declaration that the judicial sale of their property is null and void. To clarify, CitiMortgage and Herring were litigants in an Illinois state court foreclosure lawsuit concerning real property located at 15020 Ashland Avenue in Harvey, Illinois (the "Property"). *See CitiMortgage, Inc. v. Herring*, Case No. 14 CH 2275 (Cir. Ct. Cook. Co. Ill.).[2] After a default judgment, the state court entered a judgment of foreclosure and an order of sale on July 1, 2014. (R. 22-1, Ex. 1, Compl. to Foreclose Mortg.; R. 22-2, Ex. 2, Foreclosure Judgment.) The Property was sold at a judicial foreclosure sale and the state court entered an order confirming the sale on October 29, 2014. (R. 22-3, Ex. 3, Order Confirming Sale.) Pro se Plaintiffs filed a motion to vacate the sale arguing that CitiMortgage did not have standing to bring suit against them. (R. 22-4, Ex. 4, Motion to Vacate.) On February 17, 2015, pro se Plaintiffs withdrew their motion to vacate. (R. 22-5, Ex. 5, Motion to Withdraw.) Pro se Plaintiffs then filed other post-judgment motions that the state court denied based on its lack of jurisdiction on April 8, 2015. (R. 22-6, Ex. 6, 4/08/15 Order.)

On May 8, 2015, Plaintiffs filed a pro se notice of appeal seeking review of the state trial court's April 2015 order. (R. 22-7, Ex. 7, Notice of Appeal.) CitiMortgage filed a motion to dismiss arguing that the appeal was untimely. (R. 22-8, Ex. 8, Motion to Dismiss Appeal.) Subsequently, the Illinois Court of Appeals dismissed pro se Plaintiffs' appeal for lack of jurisdiction and granted CitiMortgage leave to enforce its order of possession. (R. 22-9, Ex. 9, 11/30/15, Order.) Thereafter, Plaintiffs, by counsel, petitioned the Supreme Court of Illinois for leave to appeal that the Supreme Court denied on March 30, 2016. (R. 22-10, Ex. 10, 12/30/15, PLA; R. 22-11, 3/30/16, PLA Denial.)

## ANALYSIS

CitiMortgage seeks to dismiss pro se Plaintiffs' Complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging

---

[2] The Court takes judicial notice of the state court foreclosure proceedings. *See Ewell v. Toney,* 853 F.3d 911, 917 (7th Cir. 2017).

2

state-court judgments rendered before the district court proceedings commenced." *Mains v. Citibank, N.A.,* 852 F.3d 669, 675 (7th Cir. 2017); *see also Brown v. Bowman,* 668 F.3d 437, 442 (7th Cir. 2012). "Claims that directly seek to set aside a state-court judgment are *de facto* appeals that trigger the doctrine" but "even federal claims that were not raised in state court, or that do not on their face require review of a state court's decision, may be subject to *Rooker-Feldman* if those claims are closely enough related to a state-court judgment." *Mains,* 852 F.3d at 675; *see also Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017). As such, the question is "whether the federal plaintiff is alleging that his injury was caused by the state-court judgment," because "if the claim alleges an injury independent of the state-court judgment that the state court failed to remedy, *Rooker-Feldman* does not apply." *Mains,* 852 F.3d at 675. The rationale behind the *Rooker-Feldman* doctrine is that "no matter how erroneous or unconstitutional the state court judgment may be, only the Supreme Court of the United States has jurisdiction to review it." *Brown,* 668 F.3d at 442 (citation omitted). A state court litigant seeking review of a state court judgment, therefore, "must follow the appellate process through the state court system and then directly to the United States Supreme Court." *Kelley v. Med–1 Solutions, LLC,* 548 F.3d 600, 603 (7th Cir. 2008).

In its motion, CitiMortgage asserts that each of Plaintiffs claims is based on the "improper" and "unlawful" state court foreclosure action. More specifically, in their Complaint, Plaintiffs seek injunctive relief from the state court foreclosure judgment, a declaration that the mortgage is void, and that the title to the Property belongs to them. Based on the relief Plaintiffs seek, Defendants maintain that Plaintiffs are directly challenging the state court foreclosure judgment. *See Ross-West v. Bank of N.Y. Mellon Corp.,* 523 Fed. Appx. 395, 396 (7th Cir. 2013) ("No matter how the [plaintiffs] frame their complaint, the district court could not grant the requested relief – a judgment declaring them to be the rightful owners of the home – without disturbing the state court's foreclosure judgment."); *see, e.g., Gonzalez v. Bank of Am., N.A.*, 13 C 3463, 2014 WL 26283, *4 (N.D. Ill. Jan. 2, 2014) (plaintiff's "allegations directly challenge the state court judgment by suggesting that the mortgage and note upon which it relied were invalid.").

Here, despite alleging both federal and state law claims, Plaintiffs are seeking to recover their real property following the state court foreclosure judgment. To award Plaintiffs their real property, the Court would have to overturn the state court's judgment of foreclosure – an action that is barred by *Rooker-Feldman*. *See Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 557 (7th Cir. 1999) ("[A] litigant may not attempt to circumvent the effect of *Rooker–Feldman* and seek a reversal of a state court judgment simply by casting the complaint in the form of a civil rights action."). In other words, when a plaintiff seeks to have a foreclosure judgment set aside, the requested recovery is "tantamount to a request to vacate the state court's judgment of foreclosure." *Taylor v. Fed. Nat. Mortg. Ass'n,* 374 F.3d 529, 533 (7th Cir. 2004). Therefore, the Court is barred from considering Plaintiffs' claims under the *Rooker-Feldman* doctrine.

In response, Plaintiffs argue that CitiMortgage engaged in fraud and that the Sixth Circuit has recognized an exception to the *Rooker-Feldman* doctrine when a state court judgment was procured through fraud, deception, accident, or mistake. *See In re Sun Valley Foods Co.,* 801 F.2d 186, 189 (6th Cir. 1986) (citing *Resolute Ins. Co. v. State of No. Carolina,* 397 F.2d 586,

589 (4th Cir. 1968)). The Seventh Circuit, however, has rejected the fraud exception to *Rooker-Feldman*. Specifically, in the context of a foreclosure action in which the plaintiff argued that the *Rooker-Feldman* doctrine did not apply to fraud on the court or fraud during litigation, the Seventh Circuit rejected any such argument stating "[t]he *Rooker–Feldman* doctrine is concerned not with *why* a state court's judgment might be mistaken (fraud is one such reason; there are many others) but with *which federal court* is authorized to intervene." *Iqbal v. Patel,* 780 F.3d 728, 729 (7th Cir. 2015) (emphasis in original). Because Seventh Circuit law controls this district's rulings, Plaintiffs' argument is without merit.

**Dated:** June 22, 2017

_____
**AMY J. ST. EVE**
**United States District Court Judge**